1   VICTOR N. PIPPINS
California State Bar No. 251953
2   FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
3   San Diego, California  92101-5008
Telephone:  (619) 234-8467
4

5   Attorneys for Mr. Estrada

6

7

8                               UNITED STATES DISTRICT COURT

9                           SOUTHERN DISTRICT OF CALIFORNIA

10                             **(HONORABLE LEO S. PAPAS)**

11  UNITED STATES OF AMERICA,              )    CASE NO. 07MJ2993-LSP
                                            )
12               Plaintiff,                 )
                                            )
13          v.                              )    DEFENDANT'S RESPONSE TO UNITED
                                            )    STATES MEMORANDUM OF LAW IN
                                            )    SUPPORT OF A WARRANT OF REMOVAL
14  JUAN MANUEL ESTRADA,                    )    AND MOTION TO REOPEN ITS CASE
                                            )
15               Defendant.                 )
                                            )
16  _____)

17  TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
            CHARLOTTE KAISER, ASSISTANT UNITED STATES ATTORNEY:
18

19                               **STATEMENT OF FACTS**

20          On April 27, 2007, Magistrate Judge Steven M. Gold of the United States District Court for the

21  Eastern District of New York issued an arrest warrant, based on a complaint, for a person named Juan Manuel

22  Estrada. [Govt exhibit A].  Neither the arrest warrant, the complaint, or any other document presented to the

23  court identified the subject of the warrant with a date of birth, address, social security number, driver's license

24  number, or any other identifying characteristics besides a name.   The case agent in this matter was Deputy

25  United States Marshal Catherine A. Brady.  (TR 6:14)

26          On November 27, 2007, a man named Juan Manuel Estrada was arrested at the San Ysidro point of

27  entry because his name matched with the subject of the arrest warrant originating from the Eastern District

28  of New York.  The subject's identification as Juan Manuel Estrada was based on a number of documents

1 found on his person, including a California Driver's License, a Social Security Card, as well as credit cards,

2 and the subject's own admission. (TR 3:11-16) Deputy United States Marshal Matthew Peters was called

3 to the point of entry to arrest this subject. On January 8, 2008, an indictment issued from the Eastern District

4 of New York, naming the defendant as Juan Manuel Estrada.

5 On January 10, 2008, an Identity/Removal Hearing was conducted in front of Magistrate Judge Leo

6 S. Papas for the purpose of determining if the person arrested at the San Ysidro Point of Entry was "the person

7 who was sought in the Eastern District of New York". (TR 2:7-9). During that hearing, Deputy Marshall

8 Peters was called as a witness by the government to testify regarding his investigation of the case, and

9 ostensibly to help the government prove that the man he took into custody at the point of entry was in fact the

10 subject of the warrant from New York. Deputy Peters testified that he had not personally conducted any

11 investigation to determine whether the Juan Estrada that he took into custody was the same Juan Estrada

12 wanted in New York. (TR 33:10-12). He further testified that regarding the identifying documents found on

13 the subject (California Driver's License, Social Security Card, and credit cards) and as to the photos taken

14 during the booking process. TR11:8-12:23). Deputy Marshal Peters then discussed how he had used these

15 booking photos as a comparison to "refresh the recollection of the case agent, Catherine Brady, in New

16 York..."TR 14:2-5.

17 Deputy Peters explained how these photos and biographical information were reviewed by Deputy

18 Brady, but failed to ever present any evidence that she had photos or information of her own with which to

19 compare them. (TR 18:20-19:4) Deputy Marshall Peters did not believe that Deputy Marshall Brady had ever

20 seen the Juan Manuel Estrada for whom the warrant was issued, and the only photo she had seen as part of

21 her investigation was a driver's license photo, which the testimony demonstrates was only provided by Deputy

22 Peters *after the arrest* of the Defendant. (TR 31:13-23). The government's claim that Deputy Brady

23 "accessed the Defendant's photograph by accessing his driver's license electronically" before preparing the

24 warrant for arrest is completely unsupported by any of the testimony or exhibits produced at the hearing.

25 (Govt Memo 1:26-2:2; 2:8-10).

26 **ANALYSIS**

27 The United States has not met its burden under Rule 5( c)(3)(D)(ii) because it has failed to present

28 evidence that the defendant is the same person named in the indictment.

1  **A.      While the Government Presented Evidence Sufficient to Show That the Defendant's Name Is Juan Manuel Estrada, this Is Not Enough to Warrant His Extradition to New York.**

2

3       When a person is arrested on a warrant issued in a jurisdiction other than the jurisdiction where the

4  warrant was issued, the initial appearance in the arresting district is procedurally governed by Rule 5( c)

5  (3)(D), which provides that the magistrate judge must transfer the defendant to the district where the offense

6  was allegedly committed if:

7           (i) the government produces a warrant, a certified copy of the warrant, or a reliable
            electronic form of either; and
8           (ii) the judge finds that the defendant is the same person named in the indictment,
            information, or warrant.
9

10      During the hearing on January 10, 2008, the government entered into evidence a copy of the warrant

11  naming Juan Manuel Estrada as the subject, as well as an indictment for the same name. (TR 25:17-18).  In

12  addition, the court found during that hearing that the defendant's name is Juan Manuel Estrada. (TR 36:3-4).

13  These two facts show that there is probable cause to believe that a person named Juan Manuel Estrada did

14  commit a crime in the Southern District of New York, but as the court noted, this did not prove that the person

15  named in the indictment is the same Juan Manuel Estrada who was arrested in the Southern District of

16  California.. (TR 37:25 - 38:1).

17      During the hearing and throughout it's brief, the government argues that Deputy Marshal Brady from

18  the Southern District of New York identified the defendant as the same man indicted in New York.  The

19  record, however, is devoid of evidence to support this claim.  No evidence was presented to show that Deputy

20  Marshall Brady knew anything besides the name of the person she was investigating.  The government's

21  argument that "This information (name, driver's license, social security card and credit cards) corresponded

22  with the same (driver's licence) Deputy Brady viewed as part of her investigation" is not supported by the

23  record. (Gov't Memo 2:8-10)  On the contrary, it appears that Deputy Brady only ran the driver's license after

24  the license number was sent to her by Deputy Marshall Peters.

25      The government memorandum cites a number of cases to support the claim that they have met their

26  burden, but the factual differences between these cases and the instant case show that the government has not

27  established that the defendant was the subject of the arrest warrant.  For example, the government cites United

28  States v. Johnson, 45 F.R.D. 427, 428 (D.Nev. 1968) for the proposition that identification can be established

1   by one witnesses viewing a photograph of the Defendant.  In <u>Johnson</u>, identity was established through a

2   witness who had seen the defendant before, and stated that the defendant was known to be the same person

3   indicted.  This case would be applicable here if there was a witness who had previously seen the subject of

4   the indictment and could compare their mental image with the picture presented to them.  In the instant case,

5   the government claims that Deputy Marshall Brady stated that the person depicted in the booking photo was

6   the same person she was investigating, but there is no evidence that she had any mental image of the subject

7   to compare with the booking photos.  (TR 19:1-4).

8        The government also cites <u>United States v. Whitehurst</u>, 116 F.R.D. 511, 512 (D.Minn. 1987), but

9   in that case, the government had substantially more information to establish identity that the government has

10   here.  In <u>Whitehurst</u>, proof of identity was established by matching fingerprints and by using photographic

11   lineups.  If either of those means had been used in this case to establish that the defendant is the same Juan

12   Manuel Estrada who was sought in New York, there would be no need for these memoranda.  In this case,

13   there have been no fingerprints or photographs compared.

14   **B.      The Government's Emphasis on the Indictment Is Misplaced.**

15        Mr. Estrada was arrested on a warrant on November 27, 2007.  Therefore, this Court must determine

16   whether the Juan Manuel Estrada arrested at the San Ysidro Port of Entry was in fact the person sought in the

17   warrant issued out of the Eastern District of New York.  As this Court repeatedly suggested at the removal

18   hearing, the government failed to present any evidence that connected the person arrested in the Southern

19   District of California (and apparently observed in the Central District of California) with the person sought

20   in the Eastern District of New York.

21        The government has attempted to confuse the issue, however, by relying upon an indictment that was

22   handed up in New York *after* Mr. Estrada was arrested.  Without any support in the testimony or exhibits

23   presented at the removal hearing, the government urged this Court to *infer* that the person indicted was the

24   man arrested at the port of entry.  Apparently, the government believes that the Court should make this

25   inferential leap because Deputy Brady was in possession of the driver's license information that Deputy Peters

26   obtained at the time of Mr. Estrada's arrest when she (again, inferentially, because no evidence was ever

27   presented) supposedly testified before the grand jury that handed up the January 10, 2008, indictment.  The

28   government then made the absolutely absurd leap to suggest at the January 10, 2008, removal hearing that,

1 | because the grand jury must have (at least inferentially based on evidence not presented in the form of
2 | testimony or exhibits at the removal hearing) been presented with identifying information of the Juan Manuel
3 | Estrada arrested more than a month before at the port of entry, then the issue of identity is now irrelevant.
4 | See TR 42:20-21 ("Whether or not in New York they indicted the right person, that's something to be taken
5 | up with the Courts in New York).  This through-the-looking glass "logic" is unavailing for two reasons.

6 | First, there was no evidence presented in either Deputy Peters' testimony or the exhibits introduced
7 | showing that the Juan Manuel Estrada currently in custody in the Southern District of California is the person
8 | who was actually indicted in new York.  More importantly, however, it doesn't matter if it was.  The question
9 | before this Court is not whether the person indicted in New York *after this Mr. Estrada's arrest* was the
10 | person who was arrested; the question remains whether this person who was arrested on a warrant alleging
11 | criminal activity in New York was the person sought in the original warrant.  To have it the government's
12 | way, there would never be any reason to ever have an identity hearing.  They could simply arrest someone
13 | with a similar or same name to the person being sought anywhere in the United States and then provide some
14 | identifying information about that person such as a birth date, driver's license number, or booking photo to
15 | a grand jury when presenting the case for indictment, and then claim that it is the same person being sought
16 | without ever presenting any tangible, substantive connection between the identifying information of the person
17 | arrested and the person sought.

18 | The bottom line in this case is that the government has not demonstrated that any identifying
19 | comparison was ever made between the information obtained from the man arrested at the port of entry and
20 | the person being sought in New York.  The government could have shown the grand jury in New York every
21 | piece of biographical information about the Juan Manuel Estrada arrested at the San Ysidro Port of Entry, but
22 | it would be meaningless with respect to identity unless this information was compared to some other
23 | identifying link about the person being sought.   This was never done, at least not before this Court, where
24 | by statute and due process the government must present sufficient identifying information that makes this
25 | connection before the Court is permitted to order the detainee's transfer to another district.

26 | For the government to suggest with a straight face to this Court that identity is an issue to be worked
27 | out "with the courts in New York", simply because an indictment was handed up after Mr. Estrada's arrest
28 | in this District would effectively write the identity requirements of Rule 5( c) out of existence, and as much

1    as this would make the government's job easier, it was not the Framer's nor Congress's intention that identity

2    issues "be taken up" once a person has been transported, often through a weeks or months' long process to

3    another jurisdiction only to learn that they are the wrong person.

4    **C.      Even If the United States Reopens its Case, the Additional Evidence Proffered in its**
         **Memorandum Would Not Establish That the Defendant Was the Person Wanted in New York.**
5

6        The government has proffered that it would elicit testimony that Deputy Brady reviewed the booking

7    photographs of Defendant and confirmed that he was the person indicted in New York. This evidence would

8    still far short of the standard set under Rule 5( c) because there would still be no evidence that Deputy

9    Marshall Brady had ever seen a photo of the person sought in the warrant or had personal knowledge of any

10   identifying characteristics of the person being sought before viewing the photographs. The question still

11   lingering would be how she could conclude that the person in the booking photos was the same man she was

12   investigating if she had never before seen the subject of the investigation, either in person,  through a picture,

13   or otherwise.

14                                          **CONCLUSION**

15       For the reasons described above, the United States has failed to meet their burden of establishing

16   that the Juan Manuel Estrada held as a defendant in this District is the same person wanted in the Eastern

17   District of New York. For such reason, the Defendant in this matter should be released.

18                                    Respectfully submitted,

19

20   Dated:  January 24, 2008.                  /s/Victor N. Pippins
                                                VICTOR N. PIPPINS
21                                              Federal Defenders of San Diego, Inc.
                                                Attorneys for Mr. Estrada
22

23

24

25

26

27

28

1   **CERTIFICATE OF SERVICE**

2        Counsel for Defendant certifies that the foregoing is true and accurate to the best information and

3   belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

4   U S Attorneys Office Southern District of California
    880 Front Street
5   Room 6293
    San Diego, CA 92101
6   (619)557-5610
    Fax: (619)557-5917
7   Email: Efile.dkt.gc2@usdoj.gov

8   A courtesy copy will be sent via electronic mail to:

9   Charlotte E Kaiser
    U S Attorney's Office
10  Email: Charlotte.Kaiser@usdoj.gov

11  A courtesy copy will be delivered to chambers.

12

13

14  Dated:  January 24, 2008                    /s/ *Victor N. Pippins*
                                                Federal Defenders of San Diego, Inc.
15                                              225 Broadway, Suite 900
                                                San Diego, CA  92101-5030
16                                              (619) 234-8467  (tel)
                                                (619) 687-2666  (fax)
17                                              Victor_Pippins@fd.org email

18

19

20

21

22

23

24

25

26

27

28